EASTERN DIS.
June, 1834.

HOUGH, CURA-
TOR, &c.
vs.
RICHARDS.

and only five months wanting, at the promulgation of the *Louisiana Code* in 1825, which changed the prescription of personal actions as running against absentees to twenty years: *held* that ten months is required under the new law to complete the prescription.

===

## HOUGH, CURATOR OF EARLE, vs. RICHARDS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW ORLEANS.

Where no bill of exception is taken or objection made to the admission of evidence on the trial, it is too late to object to it on appeal.

The fact of the plaintiff's attorney asking the defendant for a settlement of the account between them, is evidence of an amicable demand on the latter.

The plaintiff as curator of the estate of the late Lawrence Earle, claims of the defendant five hundred and fifty-nine dollars, as a balance due the deceased for work and labor done for the latter, as an iron and brass moulder, according to an account annexed for which he prays judgment.

The defendant avers he owes the estate of Earle nothing

EASTERN DIS.
June, 1834.

HOUGH, CURA-
tor, &c.
vs.
RICHARDS.
and that no amicable demand was made by the plaintiff, wherefore he prays that the suit be dismissed at plaintiff's cost as vexatious, &c. In an amended answer, he annexed an account current with Earle, in which he brings the latter in debt one hundred dollars and forty-eight cents, which he pleaded in compensation and reconvention, and prays judgment against said estate for the balance due him on said account.

The parish judge after hearing the evidence and arguments of counsel, was of opinion, that the plaintiff had satisfactorily proved as well by a book, the entries of which were made by the clerk of defendant as by other testimony, that the deceased was entitled to the sum of five hundred and forty-eight dollars and sixty-two cents.

That the defendant failed to establish his defence; and that the amicable demand was proven.

Judgment for plaintiff. Defendant appealed.

*M'Millen*, for the plaintiff.

*Duncan*, contra.

BULLARD, J., delivered the opinion of the court.

The plaintiff as curator of the estate of Earle, sues to recover of the defendant a balance alleged to be due for work and labor done in his foundery from January till June, 1833, at four dollars per day. The defendant denies that he owes any thing. In a supplemental answer he alleges that no amicable demand was made before the inception of this suit, and he sets up a claim in compensation and reconvention.

It is contended that the court below erred in allowing as evidence entries made in a book by a clerk, whose duty it was to keep the time of the workmen in the foundery. No bill of exceptions was taken to the admission of the book as evidence, nor of the testimony, to show that the entries were made by a clerk, and it appears to have been an account of

the work done, kept by an agent of the defendant himself, Having been admitted without objection, it was too late to object to it in this court. But independently of the book, it is shown that the plaintiff's intestate did the work as charged. From the 16th of March till the 1st of June, he is credited with only forty-two days work. This appears to us to account for the time said to have been lost by sickness, and with which the defendant seeks to charge him by his plea in reconvention.

It is shown that the plaintiff's attorney asked the defendant for a settlement, who replied that he owed Earle nothing. This was in our opinion sufficient evidence of an amicable demand.

We have examined the evidence in the record, and concur with the judge *a quo*, in his view of the rights of the parties.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the Parish Court be affirmed with costs.

*Eastern Dis.*
*June, 1834.*

Where no bill of exception is taken or objection made to the admission of evidence on the trial it is too late to object to it on appeal.

The fact of the plaintiff's attorney asking the defendant for a settlement of the account between them, is avidence of an amicable demand on the latter.